# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**KENNY LEE COFFEY,**
**ADC #086434**                                                                                    **PLAINTIFF**

**V.**                          **CASE NO. 2:19-CV-90-DPM-BD**

**WENDY KELLEY,** *et al*.                                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I**.    **Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Chief Judge D.P. Marshall Jr. Any party may file written objections to this Recommendation if they disagree with its findings or conclusions. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, the parties may waive the right to appeal questions of fact.

**II.**    **Discussion:**

   A.   Background

Kenny Lee Coffey, an Arkansas Division of Correction inmate, was confined in the East Arkansas Regional Unit (EARU) when he filed this civil rights lawsuit. He is representing himself. (Doc. Nos. 2, 7) Mr. Coffey claims that Defendants Kerstein,

Kelley, Dycus, Andrews, and Knott were deliberately indifferent to his serious medical needs. All other Defendants have been dismissed. (Doc. No. 13)

The remaining Defendants have moved for summary judgment, arguing that Mr. Coffey's claims against them should be dismissed because he did not to fully exhaust his administrative remedies before filing this lawsuit. (Doc. Nos. 43, 46) Mr. Coffey has responded to the motions; and Defendant Kerstein has replied to his response. (Doc. Nos. 51, 53)

    B. <u>Exhaustion Requirement</u>

The Court is obligated to dismiss any claim that was not fully exhausted before the date Mr. Coffey filed his complaint in this case. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory"). There are only a few limited exceptions to this rule.

    C. <u>Defendant Dr. Gary R. Kerstein (Medical Defendant)</u>

Defendant Gary R. Kerstein, M.D., attaches the declaration of Michelle Buterbaugh, the ADC Medical Grievance Supervisor, as well as Mr. Coffey's relevant grievance papers to his motion for summary judgment. (Doc. Nos. 44-3, 44-2) Ms. Buterbaugh testifies that Mr. Coffey filed 13 formal medical grievances during the time period relevant to this lawsuit: EAM-18-1533; EAM-18-1673; EAM-18-1674; EAM-18-

3077; EAM-18-3087; EAM-18-3159; EAM-18-3186; EAM-19-886; EAM-19-945; EAM-19-1524; EAM-19-1589; EAM19-1744; and EAM-19-1823. (Doc. No. 44-3 at p.1) Ms. Buterbaugh further testifies that Defendant Kerstein did not begin his employment with Wellpath until May 6, 2019. (Doc. No. 44-3 at p.2) Accordingly, grievances filed before that date are not relevant to Mr. Coffey's claims against this Defendant.

Mr. Coffey filed four grievances after May 6, but he did not fully exhaust those grievances until after he had filed this lawsuit: EAM-19-1524, EAM-19-1589, EAM-19-1744, EAM-19-l823 (Doc. No. 44-3 at p.2; Doc. No. 44-2 at pp.29, 34, 39, 43) In his response to the Defendants' motions, Mr. Coffey submits several grievance papers. (Doc. No. 51 at pp.3-6) It is undisputed, however, that he did not receive decisions in those grievances until November 2019, nearly four months after he filed this lawsuit.

Given these undisputed facts, Mr. Coffey's claims against Defendant Kerstein should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies prior to filing suit.

D.  <u>Defendants Kelley, Dycus, Andrews, and Knott (ADC Defendants)</u>

The ADC Defendants attach to their motion the declaration of Terri Grigsby Brown, the ADC inmate grievance supervisor, the declaration of Ms. Buterbaugh, and Mr. Coffey's relevant grievance papers. (Doc. Nos. 46-1, 46-2, 46-4) According to Ms. Brown, Mr. Coffey filed 16 grievances relevant to this lawsuit: EAM-18-1688; EAM-18-1796; EAM-18-1965; EAM-18-2219; EAM-18-2289; EAM-19-324; EAMl-18-2435; EAM-19-625; EAM-19-667; EAM-19-1416; EAM-18-3154; EAM-18-3210; EAM-18-1407; EAM-19-205; EAM-19-1895; and EAM-18-1740. (Doc. No. 46-1 at pp.7-13) Of

3

those grievances, Mr. Coffey names Defendant Kelley in 12 grievances; Defendant Dycus in four grievances; Defendant Andrews in four grievances; and Defendant Knott in five grievances. (Doc. No. 46-1 at pp.13-14) Ms. Buterbaugh testifies that Mr. Coffey did not file any medical grievances identifying any of the ADC Defendants before filing this lawsuit. (Doc. No. 46-2 at p.7)

The Court has reviewed Mr. Coffey's grievance papers. Grievances EAM-18-1688, EAM-18-1796, EAM-18-1965, EAM-18-2219, EAM-18-2289, EAM-19-324, EAM-18-3154, EAM-19-205, and EAM-19-1895 relate only to Mr. Coffey's conditions of his confinement.[1] (Doc. No. 46-4 at pp.1-5; Doc No. 46-5 at pp.1-6; Doc No. 46-6 at pp.1-6; Doc. No. 46-7 at pp.1-5; Doc. No. 46-8 at pp.1-5; Doc. No. 46-9 at pp.1-5; Doc. No. 46-14 at pp.1-5; Doc. No. 46-17 at pp.1-4; Doc. No. 46-18 at pp.1-6)

In grievance EAM-19-1416, Mr. Coffey complains that an officer verbally threatened him. (Doc. No. 46-13 at pp.1-5) That complaint is not related to Mr. Coffey's deliberate-indifference claims in this lawsuit.

In grievance EAM-18-1407, Mr. Coffey complains about property that was either confiscated or damaged during a shakedown of his cell. (Doc. No. 46-16 at pp.1-4) That issue is, likewise, unrelated to deliberate-indifference claims.

---

[1] The Court notes that in grievance EAM-18-1796, Mr. Coffey explains that the conditions of his confinement threaten his safety based on his medical conditions. (Doc. No. 46-5 at p.3) He, however, does not complain that he was denied any medical treatment in that grievance.

4

In grievance EAM-18-1740, Mr. Coffey complains that officers did not conduct shave call on certain dates. (Doc. No. 46-19 at pp.1-5) Again, that claim is not related to Mr. Coffey's pending claims.

Finally, in grievances EAM-18-2435, EAM-19-625, EAM-19-667, and EAM-18-3210, Mr. Coffey complains about his ability to receive medication during pill call on specific dates. (Doc. No. 46-10 at pp.1-5; Doc. No. 46-11 at pp.1-5; Doc. No. 46-12 at pp.1-5; Doc. No. 46-15 at pp.1-5) The deliberate-indifference claims at issue in this lawsuit concern the discontinuation of Mr. Coffey's prescription medications and his failure to receive medical equipment. He did not raise those issue in those four grievances.

Based on the undisputed evidence presented, Mr. Coffey has failed to exhaust deliberate-indifference claims against any of the ADC Defendants. His claims against those Defendants, therefore, should be DISMISSED, without prejudice.

### III.   Conclusion:

The Court recommends that the Defendants' motions for summary judgment (Doc. Nos. 43, 46) be GRANTED. Mr. Coffey's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies prior to filing this lawsuit.

DATED this 25th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE